The People of Puerto Rico, Plaintiff and Appellee, v. Alejo Cortés, Defendant and Appellant.

No. 7951.  Argued February 12, 1940.—Decided February 21, 1940.

*A. Reyes Delgado* and *P. Santos Borges* for appellant.  *R. A. Gómez, Prosecuting Attorney*, and *Luis Janer, Assistant Prosecuting Attorney*, for appellee.

Mr. Justice Hutchison delivered the opinion of the court.

Alejo Cortés was convicted of petit larceny. He submits that the district court erred in overrulling a motion for acquittal presented at the close of the evidence for the prosecution. The contention is that if the evidence for the prosecution established the commission of any offense, it was embezzlement, not petit larceny.

The prosecuting witness, Emilio Alvarez, testified in substance as follows:

Witness was engaged in the manufacture of clothing. His factory was in Ciales. Cortés was employed by him for more than two years. In May, Cortés took several dozen shirts and pairs of pants. Witness and a detective found the pants in the possession of Felipe Maura, an Humacao merchant.

On cross-examination:

Cortés had cut the clothes. He was a cutter. Witness had discharged him May 11 because another employee had caught him taking thread and buttons.

On re-direct:

It was the duty of Cortés as an employee to cut out the clothes. There was another employee who received them when delivered. He (Cortés) had a key. They remained at work in the shop and witness went about the Island selling. When witness was away, Cortés was in charge. Cortés or the other employee would leave the key with witness' wife upstairs. Cortés had access to the shop when witness was away.

On re-cross:

When witness was away, Cortés was in charge. He had no authority (*no disponía*). It was witness who "had authority". Cortés acted as employee until witness returned. Cortés could not sell to anyone "there inside." He simply manufactured (*fabricaba*) and delivered. The clothes were made at home (*a domicilio*).

From the foregoing it appears that Cortés had access to the property by reason of his employment as a cutter, and was the custodian thereof. The owner, during his absence, remained in constructive possession of the goods left in the custody of Cortés. Hence Cortés—when he took the property, removed it from the building and sold it—was guilty of larceny. 36 C. J. 751, section 54; 17 R.C.L. 43, section 49; 18 Am. Jur. 577, 578, sections 12 and 13; 2 Wharton 1510, 1511, sections 1198 and 1201.

The fact, if it be a fact, that Cortés might have been prosecuted for embezzlement and convicted of that offense under section 450 of the Penal Code, would not entitle him

to ·an acquittal of the offense charged in the instant case. See section 44 of the Penal Code; *People* v. *Avilés,* 50 P.R.R. 505 and *People* v. *Padilla,* (Crim. No. 7622, decided February 15, 1940), *ante* p. ____.

The judgment appealed from must be affirmed.